**IN THE UNITED STATES DISTRICT COUR**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JARROD O. SANDERS

      Plaintiff,

  v.

ALLIED UNIVERSAL SERVICE, INC., and
NIPPON EXPRESS USA, INC.,

      Defendants.

Civil Action No.: 1:26-cv-00337

**DEFENDANT UNIVERSAL PROTECTION SERVICE, LLC**
**d/b/a ALLIED UNIVERSAL SECURITY SERVICES**
**<u>NOTICE OF REMOVAL TO FEDERAL COURT</u>**

    Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Allied Universal") (erroneously named as Allied Universal Services Inc) by and through the undersigned counsel, file this Notice of Removal consistent with 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, of the above-styled action originally filed in the Circuit Court of Cook County, Illinois, to the Eastern Division of the United States District Court for the Northern District of Illinois. In support of removal, Defendants provide the following:

**I.    BACKGROUND**

    1.    On November 7, 2025, Plaintiff initiated a civil action against Allied Universal and Defendant Nippon Express USA Inc. ("Nippon Express") in the Circuit Court of Cook County, Illinois, captioned *Jarrod O. Sanders v. Allied Universal Service, Inc. and Nippon Express USA, Inc.*, Case No. 2025L013879 (the "State Court Action"). A true and correct copy of all pleadings and other papers and exhibits of every kind filed in the State Court Action are attached as **Exhibit A**.

2.      On December 11, 2025, Plaintiff's Summons, Civil Action Cover Sheet, and Complaint were served on Allied Universal by the Cook County Sherif's Department. *See* Exhibit A.

3.      The Complaint arises out of Plaintiff's employment with Allied Universal and alleges race discrimination, sex discrimination, retaliation, and harassment in violation of the Illinois Human Rights Act ("IHRA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). *See id.*, ¶¶ 16–23; Statement of Emotional Distress and Mental Anguish.

4.      The Complaint was the initial pleading filed in the State Court Action from which Defendants could first ascertain that the case was removable to federal court and, therefore, the time for removal did not commence until service of that pleading on Allied Universal. *See* 28 U.S.C. § 1441(a).

5.      On January 7, 2026, Counsel for Allied Universal appeared before Honorable Judge Moira S. Johnson for a Case Management Conference, at which time the case was ordered to be reassigned to the court's commercial calendar.

6.      On January 7, 2026, the Court entered an order assigning the State Court Action to Honorable Judge James E. Hanlon, and rescheduled the State Court Action for a Case Management Conference on January 20, 2026, at 9:15 a.m.

7.      No other filing or proceedings in the State Court Action have taken place since.

8.      This Notice of Removal is being filed within thirty (30) days of service of the Complaint on Allied Universal, and, therefore, is timely. 28 U.S.C. § 1446(b)(1).[1]

---

[1] Pursuant to Fed. R. Civ. P. 6(a)(2)(C), Defendant Allied Universal respectfully requests that the Court deem this Notice of Removal timely, as the 30-day deadline fell on Saturday, January 10, 2026. *See* Fed. R. Civ. P. 6(a)(2)(C) ("if the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday").

9. No previous application has been made for the removal requested herein.

10. As of the date of this Notice of Removal neither a summons has been issued nor an attempt serve Defendant Nippon Express has been made. *See generally,* Exhibit A.

11. Allied Universal is the only defendant that has been properly joined and served; therefore, its removal of this case does not require Defendant Nippon Express's consent. *See* 28 U.S.C. § 1446(b)(2)(A); *Gray v. Walgreens Boots All., Inc.*, No. 23 CV 11441, 2024 WL 2863332, at *5 (N.D. Ill. June 6, 2024) (holding that no consent under 28 U.S.C. § 1446(b)(2)(A) is required from individual defendants when only the corporate defendant has been served).

## II.    JURISDICTION AND VENUE

12. Removal of this action is proper under 28 U.S.C. §§ 1331, 1332(a) and 1441(a) because (1) Plaintiff asserts claims under Title VII, and (2) complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, explained herein. *See* 28 U.S.C. §§ 1331, 1332(a), and 1441(a).

13. A case may be removed to "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff initiated this action in the Circuit Court of Cook County, Illinois which is within the jurisdiction boundaries of the United States District Court for the Northern District of Illinois. Accordingly, removal to this Court is proper.

## III.    REMOVAL UNDER FEDERAL QUESTION

14. This Court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

15. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

16.     Federal-question jurisdiction is determined by the 'well-pleaded complaint rule,' which requires that a federal question appears on the face of the plaintiff's properly pleaded complaint. *Waukegan Port Dist. v. N. Shore Gas Co.*, 371 F. Supp. 3d 452, 455 (N.D. Ill. 2019) (citing *Citadel Sec., LLC v. Chi. Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015)).

17.     Plaintiff asserts claims under Title VII, a federal law of the United States. *See* Exhibit A, Statement of Emotion Distress and Mental Anguish ("*I bring this action under Title VII of the Civil Rights Act based on the discrimination, retaliation, and hostile work environment I experienced while employed by Allied Universal and Nippon Express*").

18.     Accordingly, this Court has original jurisdiction based on federal question.

## IV.     REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

19.     Removal is also proper under 28 U.S.C. §§ 1332(a) and 1441(a) where there is complete diversity of citizenship between plaintiff and a defendant, and the amount in controversy exceeds $75,000. *Carroll v. Striker Corp.* 658 F.3d 675, 680-81 (7th Cir. 2011).

### a.   Complete Diversity of Citizenship Exists Between Plaintiff and Allied Universal.

20.     An individual's citizenship for diversity purposes is determined by a party's domicile – the state where a party is physically present with an intent to remain there indefinitely. *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006) (citations omitted).

21.     The citizenship of a corporation is determined by the entity's state of incorporation as well as the state where the corporation has its principal place of business. *See* 28 U.S.C. §1332(c)(1); s*ee also Carden*, 494 U.S. at 196.

22.     The citizenship of a limited liability company is determined by the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

23.     Plaintiff states that he is a resident of Illinois and resides at 3028 W. 40th St., Chicago, IL 60632. Exhibit A. ¶¶ 1, 5.

24.     Plaintiff is therefore a citizen of Illinois for purposes of the removal statute.

25.     Allied Universal, organized as an LLC, is not a citizen of Illinois. First, Allied Universal is neither incorporated in Illinois, nor does it have its principal place of business in Illinois. Likewise, none of the members of the LLC are incorporated in Illinois or have a principal place of business in Illinois. **Exhibit B**, Declaration of Josh Plunkett, ¶ 4-18.

26.     Because Plaintiff and Allied Universal are neither citizens nor residents of the same state, complete diversity exists between Plaintiff and Defendant, establishing this Court's original jurisdiction over this action. 28 U.S.C. § 1332(a)(1).

**b.   Removal is not Procedurally Barred by the Forum Defendant Rule**.

27.     28 U.S.C. § 1441(b)(2) provides that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

28.     However, when an in-state defendant has not been properly joined and served, the forum defendant rule does not bar removal. *Wragge v. Boeing Co.*, 532 F. Supp. 3d 616, 623 (N.D. Ill. 2021) (holding the forum defendant rule does not bar removal where a forum defendant remains unserved); *D.C. by & through Cheatham v. Abbott Labs. Inc*., 323 F. Supp. 3d 991, 992 (N.D. Ill. 2018) (holding "that the statutory text [of section 1441(b)(2)] must control" and that the statute does not bar removal where a joined forum defendant remains unserved); *Great W. Cas. Co. v. CR Express, Inc.*, No. 23-CV-16942, 2024 WL 3495231, at *3 (N.D. Ill. July 22, 2024) (finding "the forum-defendant rule only applies to defendants who were "properly joined and served." It does not apply to an in-state defendant who was not yet served.")

29.     Defendant Nippon Express USA, Inc. is a citizen of Illinois. Exhibit A, ¶ 1.

30.     However, as of the filing of this Notice of Removal, Defendant Nippon Express has not been served. Notably, no summons has been issued nor have any efforts been made to serve Defendant Nippon Express. *See generally,* Exhibit A.

31.     Because the forum defendant rule does not bar removal, and Plaintiff and Allied Universal are citizens and residents of different states, complete diversity exists between the parties; thus, thereby establishing this Court's original jurisdiction over the action. 28 U.S.C. § 1332(a)(1).

**c.   The Amount in Controversy Exceeds $75,000.**

32.     Removal based on diversity of citizenship further requires that the amount in controversy be greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(b).

33.     A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not contain evidentiary submissions. *Dart Cherokee BasinOperating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

34.     To determine whether the amount in controversy is met, "[t]he rule...is that... the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (footnotes omitted).

35.     On the face of his Complaint, Plaintiff identifies the amount in controversy to be $15,000,000.00. Plaintiff seeks damages including back pay, front pay, lost benefits, punitive, compensatory, emotional pain, suffering, and mental anguish. Based on Plaintiff's allegations and request for damages it is facially apparent that the amount in controversy exceeds $75,000.00,

exclusively in terms of interest and costs. *See Johnson v. Wattenbarger,* 361 F.3d 991, 993 (7th Cir. 2004) ("[i]f the complaint as filed puts more than $75,000 at issue, then a district court has jurisdiction and may resolve on the merits every legal theory and aspect of damages.")

## V.     Allied Universal SATISFY ALL REQUIREMENTS OF 28 U.S.C. § 1446

36.     **Removal is timely**. The Complaint was served on Allied Universal on December 11, 2025, via the Cook County Sherifs Department. *See* Exhibit A. This Notice of Removal is being filed within thirty (30) days of service of the Complaint, and therefore, is timely. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(2)(C).

37.     **Removal to this Court is proper**. Plaintiff's Complaint was filed in the Circuit Court of Cook County, Illinois, which is within this District.

38.     **All pleadings and process in State Court have been submitted with this Removal**. *See* Exhibit A. Other than the documents submitted with the Notice of Removal, no other pleadings process, order, or other papers in this case have been filed, served or received by Allied Universal.

39.     **Notice has been provided to all parties and the State Court**. Defendant will file a copy of this Notice of Removal with the clerk of the State Court and is serving a copy on Plaintiff. 28 U.S.C. § 1446(d).

40.     No previous application has been made for the removal requested herein.

## VI.    PRESERVATION OF RIGHTS AND NON-WAIVER OF DEFENSES

41.     All rights are reserved, including but not limited to, all available and applicable defenses or affirmative matter, including but not limited to the right to answer or otherwise plead or the defense of mandatory arbitration required by Plaintiff's employment agreements.

42.     Allied Universal does not admit, and in fact specifically denies, that Plaintiff is entitled to any damages, or any other relief sought. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

43.     If any question(s) arise as to the propriety of the removal of this action, including but not limited to the filing of a motion to remand by Plaintiff, Defendants respectfully request the opportunity to further brief any disputed issue(s) and to present oral argument in support of their position that this case is properly removable

WHEREFORE, Defendants Allied Universal submit this Notice of Removal for the consideration of the Eastern Division of the United States District Court for the Northern District of Illinois, and hereby gives notice to the Clerk of the Cook County Circuit Court, Illinois, that Removal is hereby effected and that no further action by the Circuit Court shall take place unless the United States District Court remand this action.

Dated: January 12, 2026                    Respectfully submitted,

**MARTENSON, HASBROUCK & SIMON LLP**

*/s/Eduardo Roa*
Eduardo Roa (ARDC No. 6347791)
David C. Hamilton (*Pro Hac Vice* Forthcoming)
Martenson, Hasbrouck & Simon LLP
500 Davis Street, Suite 1010
Evanston, Illinois 60201
(657) 253-8310
eroa@martensonlaw.com
dhamilton@martensonlaw.com

*Counsel for Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services*

8

**IN THE UNITED STATES DISTRICT COUR
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JARROD O. SANDERS

       Plaintiff,

   v.

ALLIED UNIVERSAL SERVICE, INC., and
NIPPON EXPRESS USA, INC.,

       Defendants.

Civil Action No.: 1:26-cv-00337

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on January 12, 2026, I filed a copy of the foregoing ***Defendant's Notice of Removal to Federal Court*** using the Court's CM/ECF system and mailed a copy of the document, first class, postage prepaid to:

Jarrod O. Sanders
3028 W. 40th St.
Chicago, IL 60632
Email: jsanders_18@yahoo.com
Phone: (773) 326-5030
*Pro Se Plaintiff*

*/s/ Eduardo Roa*
Eduardo Roa